UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIAN QUILLY LOZON, | Case Nos.  2:22-cv-00039-BLW |
| | 2:19-cr-00297-BLW |
| Defendant-Movant, | |
| v. | |
| | **MEMORANDUM DECISION** |
| UNITED STATES OF AMERICA, | **AND ORDER** |
| Plaintiff-Respondent. | |

Before the Court is Brian Quilly Lozon's Motion to Vacate, Set Aside or

Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. 48 in Crim. Case No. 2:19-cr-

00297-BLW and Dkt. 1 in Civ. Case No. 2:22-cv-00039-BLW) and the

Government's Motion to Dismiss. Civ. Dkt. 5. After having reviewed the record

and the submissions of the parties and for the reasons set forth below, the Court

grants the Motion to Dismiss and dismisses the § 2255 Motion.

# BACKGROUND

On September 17, 2019, an indictment was filed charging Lozon with one count of strangulation, and an arrest warrant issued. Crim. Dkts. 1,2. At the time, Lozon was in the custody of the Wyoming Medium Correctional Institution on a parole violation. On October 2, 2019, the Court entered an Order granting the Government's motion for a Writ of Habeas Corpus and setting arraignment for November 19, 2019. Crim. Dkt. 4. The arrest warrant was returned executed having been served on October 11, 2019, at the Wyoming facility. Crim. Dkt. 5.

On January 23, 2020, Lozon entered a guilty plea pursuant to a Plea Agreement. Crim. Dkts. 23, 24. The Court imposed a low end of the guidelines sentence of 46 months on May 20, 2020. *Min. Entry*, Crim. Dkt. 37, *Amended Judgment*, Dkt. 39. The sentence was to run concurrently "with any term of imprisonment in the State of Wyoming Docket No. CR-20469." *Id*.

On June 5, 2020, Lozon filed a notice of appeal which he voluntarily dismissed on November 10, 2020. Crim. Dkts. 40, 45. On April 16, 2021, he filed a motion for extension to modify sentence seeking credit for time served between October 11, 2019, and May 20, 2020, a period of approximately seven and a half months. Crim. Dkt. 46. The Court denied the Motion on May 21, 2021, on the grounds that it lacked jurisdiction to modify the sentence and advising that Lozon should pursue relief through a habeas petition pursuant to 28 U.S.C. § 2241. Crim.

MEMORANDUM DECISION AND ORDER - 2

Dkt. 47. Lozon filed the pending § 2255 Motion on January 28, 2022. He alleges three grounds: failure of the Court to apply § 5G1.3 of the United States Sentencing Guidelines, ineffective assistance of counsel for failing to advise him that the sentencing guidelines were being misapplied, and failure of the Court to state in the Judgment that credit for the seven and a half months was being given pursuant to USSG § 5G1.3.

The Government moves to dismiss the § 2255 Motion on the grounds that Lozon failed to exhaust his administrative remedies for challenging the Bureau of Prison's sentence computation, that the proper judicial challenge is through filing a 28 U.S.C. § 2241 petition in the district in which he is confined, and that it is unclear whether relief is even warranted. In presenting the procedural background in its motion, the Government refers to statute of limitations and waiver. But it does not urge dismissal on those grounds.

## DISCUSSION

Some additional background gleaned from the Presentence Report provides context for Lozon's claims. The offense conduct occurred on June 27, 2019. *PSR* ¶ 5 (Crim. Dkt. 30). On July 13, 2019, Lozon was arrested in Spokane, Washington, on an outstanding probation violation warrant out of the State of Wyoming. *Id*. ¶ 11. His probation violation was pending at the time of sentencing

**MEMORANDUM DECISION AND ORDER - 3**

in this case. *Id.* ¶ 40. As stated above, the Indictment was filed on September 17, 2019.

The Government's Motion to Dismiss focuses on the challenge to the sentence computation itself, but the § 2255 Motion reveals that Lozon also challenges alleged errors of counsel and the Court. Because a challenge to the imposition of a sentence is properly brought in a § 2255 motion and a challenge to the BOP's sentence computation is properly brought in a § 2241 petition, out of an abundance of caution the Court will address both rather than consider all of the claims taken together as one challenge to the sentence computation.

## 1. **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds on which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a court must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

The Court may also dismiss a § 2255 motion at various stages, including pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

### A.      Statute of Limitations

Generally, the time for filing a § 2255 motion is one year from the date the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). Here, anticipating that his motion could be deemed untimely, Lozon describes the issues he encountered that delayed his arrival at the facility in Beaumont, Texas, where he was first advised of his sentence computation and the alleged failure of the Court to apply USSG § 5G1.3, his persistence in trying to determine the proper steps to get credit for the seven and a half months, and the effect of Covid-19 and other lockdowns on his ability to research his issues.

The Government implicitly mentions that the motion is time-barred. Civ. Dkt. 5 at 3. However, it does not urge the facially late filing as a ground for dismissal. The Court could arguably consider the motion timely filed because § 2255(f) also provides that the statute of limitations could be extended to run one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence." 28 U.S.C. § 2255(f)(4).

The Court has no doubt that under the circumstances Lozon was diligent in his attempts to determine the proper way to proceed after he discovered that he would not be credited with the seven and a half months. The Court need not decide whether those circumstances are sufficient to invoke § 2255(f)(4). Even assuming the § 2255 motion was timely filed, it is subject to dismissal based on waiver and the merits.

## B.    Waiver

As with the statute of limitations issue, the Government merely notes that Lozon's Plea Agreement contained a waiver of the right to collaterally challenge his sentence. It does not argue waiver as a grounds for dismissal.

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). However, a plea agreement must expressly state

that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). The scope of such a waiver is demonstrated by the express language of the plea agreement. *Id*. Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007).

Here, the Plea Agreement included a provision whereby Lozon "waive[d] any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence . . . ." *Plea Agreement*, Crim. Dkt. 23 at 5-6. The one stated exception to the waiver was an ineffective assistance of counsel claim. *Id.* at 6. Accordingly, the claim of ineffective assistance of counsel for failing to advise him that the sentencing guidelines were not being properly applied was not waived. However, the claims that the Court erroneously failed to apply the relevant provisions of § 5G1.3 and failed to include in the Judgment a provision stating that § 5G1.3 applied were waived.

**MEMORANDUM DECISION AND ORDER - 7**

### C.     Merits of Ineffective Assistance of Counsel Claim

A defendant is entitled to effective assistance of counsel at all "critical stages" of the criminal process, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To establish a claim for ineffective assistance of counsel, Petitioner must prove (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to establish that counsel's performance was deficient, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id*. at 688. There is a strong presumption that counsel was within the range of reasonable assistance. *Id*. at 689. In order to establish that counsel's performance prejudiced the defense, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the S*trickland* test in either order. *See Strickland*, 466 U.S. at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id.*

As stated above, Lozon claimed that counsel was ineffective for failing to advise him that the sentencing guidelines were being misapplied by the Court at sentencing. In other words, he is contending that counsel should have advised him

that the Court was not applying § 5G1.3 to shorten the 46-month sentence by seven and a half months knowing that the BOP would not grant credit for that time served. But the subsection he appears to be relying on does not, in fact, apply. In relevant part, the subsection provides that if the offense for which a defendant is serving a term of imprisonment is relevant conduct to the instant offense, the

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

USSG § 5G1.3(b).

Here, Lozon was in custody on a probation violation related to a sentence imposed in the State of Wyoming for an offense that was similar to the federal offense. But the offense was not considered to be relevant conduct as defined in USSG § 1B1.3(a)(1) in calculating the guidelines. It did not figure into the offense level calculation. Therefore, the Court was not required to apply § 5G1.3(b) and adjust his sentence to account for the seven and a half months spent in state custody. *See* USSG § 5G1.3, cmt. n.2(B) ("Subsection (b) does not apply in cases in which the prior offense was not relevant conduct to the instant offense. . . .).

**MEMORANDUM DECISION AND ORDER - 9**

On the other hand, Lozon may be referring to the Policy Statement in subsection (d) when arguing that the Court should have indicated in the Judgment that he was to be given credit for the seven and a half months:

> In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

USSG § 5G1.3(d).

The commentary notes that subsection (d) differs from subsection (b) in that it does not authorize an adjustment of the sentence to account for the time served on an undischarged sentence. *See* USSG § 5G1.3 cmt. n.4(E). It further provides that any downward departure granted under subsection (d) be clearly stated in the Judgment to avoid confusion with the BOP's exclusive authority to grant credit for time served under 18 U.S.C. § 3585(b). *Id.*

Here, by its terms § 5G1.3(b) does not apply, and the Court was not required under § 5G1.3(d) to depart downward to account for the seven and a half months served in state custody following his arrest on a probation violation. Nor could the Court have dictated to the BOP to grant credit for that time. Therefore, given that the Court did not misapply the sentencing guidelines, counsel's performance was not deficient in failing to argue or advise otherwise.

**MEMORANDUM DECISION AND ORDER - 10**

**2. 28 U.S.C. § 2241**

The Attorney General, through the Bureau of Prisons, has the sole authority to calculate or award credit for time served under § 3585(b).  *See United States v. Wilson*, 503 U.S. 329, 332-36 (1992). The district court has no authority to do so. *Id.* at 333; *United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006).

A challenge the Bureau of Prisons' computation of time served goes to the execution of a sentence rather than to the sentence itself. Accordingly, such a challenge must proceed via a habeas corpus petition pursuant to 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). *See also Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (same noting need to first exhaust administrative remedies). A § 2241 petition must be filed in a court with jurisdiction over the warden of the facility in which the defendant is incarcerated.

Lozon was advised by the Court in its Order denying his earlier motion for time served that the proper way to challenge the BOP's sentence calculation was to file a § 2241 petition. Crim. Dkt. 47. He at least started pursuing his administrative remedies as evidenced by the Warden's Response to Request for Administrative Remedy denying his request to credit the seven and a half months. *See* Civ. Dkt. 1 at 16. However, it is unclear whether Lozon has pursued his administrative remedies to completion as he was advised to do in the Warden's Response. If he has, or when he has, his next step is to file a § 2241 petition. Lozon is currently

MEMORANDUM DECISION AND ORDER - 11

incarcerated at USP Florence – High in Colorado. Therefore, even though Lozon was sentenced in the District of Idaho, he must file any § 2241 petition in the District of Colorado. However, Lozon is cautioned that the BOP can only give credit for time served that has not been credited against another sentence. *See* 18 U.S.C. § 3585(b)(2).

**3.      Conclusion**

To the extent that Lozon is challenging the imposition of his sentence pursuant to 28 U.S.C. § 2255, it is subject to dismissal on the merits. To the extent that he is challenging the BOP's sentence calculation, it is subject to dismissal as that challenge should be pursued in a petition brought pursuant to 28 U.S.C. § 2241 in the District of Colorado.

## CERTIFICATE OF APPEALABILITY

The Court will deny a certificate of appealability. The standard to obtain review is lower than that required for a petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

**MEMORANDUM DECISION AND ORDER - 12**

Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Lozon's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in the § 2255 motion.

## ORDER

**IT IS HEREBY ORDERED that:**

1.  The Government's Motion to Dismiss (Dkt. 5) is **GRANTED**.

2.  Lozon's Motion Pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DISMISSED WITH PREJUDICE**.

3.  No Certificate of Appealability shall issue. If Lozon wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a Certificate of Appealability from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2).

4.    If Lozon files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.

DATED: February 3, 2023

B. Lynn Winmill
U.S. District Court Judge